## 51002. DeWEESE v. GEORGIA REAL ESTATE COMMISSION.

DEEN, Presiding Judge.
1. This is an appeal from a judgment of the Superior Court of Fulton County which affirmed a decision of the Georgia Real Estate Commission suspending the appellant's real estate broker's license, after granting his petition to have additional evidence in extenuation of the charged offense of making substantial mis-representations (former Code § 84-1417 (a)). It is noted that where, under the Administrative Procedure Act, the superior court grants the application to hear additional evidence before the involved agency, the latter shall consider such evidence and may modify its findings where

appropriate. The commission took additional evidence, adhered to its ruling, but did in fact modify its findings by reducing the original penalty of revocation to a penalty of suspension for eight months. The superior court affirmed this order. "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact" but may reverse or modify for various reasons, including errors of law, a decision clearly erroneous in view of the reliable, probative and substantial evidence of the whole record, or where there is an abuse of discretion. Code § 3A-120 (h). In such cases the function of this court is to determine whether the judge of the superior court has in his own final ruling committed an error of law.

2. Appellant's clients, the Pooles, wished to purchase property through him located on Hilburn Drive; that it was necessary to obtain a loan from some lending institution; that this was arranged on condition the Pooles first divest themselves of title to a house already owned by them on Kenmore Street because the lender felt that their ability to pay two mortgage loans, if they owned both pieces of property at the same time, rendered them insecure. The attorney for the lender attended the closing and, on orders from his principal, refused to complete the transaction until the appellant broker, who had already given a letter stating his intention of buying the property if it was not otherwise disposed of in 90 days, in fact accepted a warranty deed from the Pooles and gave them back a security deed. The appellant readily admitted that this was understood between the parties to be a temporary transaction for the purpose of obtaining the loan and closing the sale. Shortly thereafter title was retransferred to the Pooles. Appellant contended that this did not constitute a material misrepresentation because the representative of the lending institution, a lawyer present at the closing, knew of the arrangement and participated in it. The attorney testified that he knew of the arrangement to transfer title and prepared the deeds, but did not know that this was intended as a temporary expedient; that he knew such a procedure would be wrong, that he was representing the lending institution, not the Pooles or the broker and would not

have gone along with such a device.

There was sufficient evidence presented to justify the conclusion that the lending institution itself was conditioning its loan on a complete divestiture of the secondary property, and that its closing agent assumed that the appellant broker intended holding title until he disposed of it to some third party. The evidence did not demand a finding that either the lender or its agent participated in or had knowledge of the agreement between the appellant and the Pooles to deed the property back as soon as the loan was obtained. This amounted to a material misrepresentation. The superior court properly affirmed the action of the agency in temporarily suspending the license.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED SEPTEMBER 24, 1975 — REHEARING DENIED OCTOBER 16, 1975 — ▮▮▮▮▮▮▮▮

*John Kirby,* for appellant.
*Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General,* for appellee.