### 55994. STANLEY v. DEPARTMENT OF HUMAN RESOURCES et al.

WEBB, Judge.

In October 1976 Stanley, a Hearing Officer for DHR, was notified that he was eligible to compete for Hearing Examiner II, a newly created position, with an increase in Merit System pay grade classification. Stanley was deemed best suited and was notified in writing on February 2, 1977 that he had been appointed effective March 1, and that his "beginning pay grade will be Pay Grade 21, Step 3." Stanley's supervisor also received written confirmation that Stanley's appointment at pay grade 21, step 3 had been approved by the Merit System. After Stanley assumed his new duties, however, he was notified by DHR that the Personnel Board rules permitted him to be paid at a maximum level of pay grade 21, step 2. Stanley initiated internal grievance proceedings and subsequently requested and obtained an administrative hearing under Code Ann. § 40-2207. The hearing officer's findings of fact and conclusions of law were adopted by the State Personnel Board, Stanley's petition for judicial review was denied by the trial court, and this appeal followed.

1. The superior court did not err in failing to enumerate specific findings of fact and conclusions of law in its order denying judicial review. Code Ann. § 40-2207.1(m), which sets forth the procedure for hearings and judicial review of decisions of the State Personnel Board, "prevents a de novo determination of evidentiary questions leaving only a determination of whether the facts found by the board are supported by 'any evidence.' " *Hall v. Ault,* 240 Ga. 585, 586 (242 SE2d 101) (1978). Cf. *McKnight v. Mitchell,* 142 Ga. App. 344 (235 SE2d 763) (1977). The superior court judge is "circumscribed by the 'any evidence' rule and is not to substitute his judgment

for that of the board as to the weight of the evidence on questions of fact." *Hays v. Skelton,* 145 Ga. App. 543 (2) (1978). Accordingly, such appeal is not one of those "actions in superior court tried upon the facts without a jury" requiring specific findings of fact and conclusions of law as contemplated by CPA § 152 (a) (Code Ann. § 81A-152 (a)).

2. Stanley asserts in Enumerations 3, 4, 5 and 6 that the superior court erred in failing to find that he was entitled to be paid the higher salary because it was promised by his immediate supervisor and other DHR employees. However, under rules of the personnel board promulgated pursuant to the statutory grant of authority in Code Ann. § 40-2204, a state employee who is promoted is entitled to have his salary raised only "to the lowest step of the compensation grade for the class of his new position ... provided, that the appointing authority may in his discretion, grant one additional step." State Personnel Board Rules & Regulations, Section A.200, Par. A.202. Therefore, no employee of DHR had the authority to promise Stanley a higher salary than that allowed by Par. 202, and he is in fact being paid at the highest level permitted by it.

3. Nor do we agree that Par. 202 is unconstitutional because it limits the salary of a state employee upon his promotion while no such limitation applies to a person who is not a state employee when hired for a state position. Section A.100.A. of the Personnel Board Rules & Regulations limits the salary of any person entering employment under the State Merit System to the *minimum* step of the range for the class to which he is appointed. Since current state employees can be advanced an additional step at the discretion of their supervisor, it is clear that the rules do not discriminate against them in regard to filling positions.

4. Stanley contends that the administrative hearing was procedurally defective in four different aspects. Code Ann. § 40-2207.1 (m) provides that "The [superior] court may reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced because the board's findings, inferences, conclusions, decisions or orders are . . . (3) made upon unlawful

procedure." We have reviewed the record and conclude that the superior court correctly determined that no substantial rights of Stanley's were prejudiced for any of the reasons alleged, and that he received a fair and orderly hearing.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED JUNE 27, 1978.

*William J. Stanley,* for appellant.

*Arthur K. Bolton, Attorney General, Jefferson J. Davis, Assistant Attorney General,* for appellees.