## 62933. NEAL v. NEAL.

BANKE, Judge.

Acting as the administrator of the estate of the appellee's deceased husband, the appellant brought this action to prevent the appellee from collecting the proceeds of several insurance policies on the deceased's life. The appellant contends that the appellee killed her husband by an act of murder or voluntary manslaughter and that she is thus barred under Code Ann. § 56-2506 (Ga. L. 1960, pp. 289, 687) from receiving the insurance benefits. The appellee was indicted for murder but was found guilty of involuntary manslaughter as a lesser included offense. In this appeal from the grant of the appellee's motion for summary judgment, we are called upon to determine whether a certified copy of the involuntary manslaughter conviction could be considered as evidence that the appellee was innocent of an intentional homicide. *Held:*

"The general rule in this country is that the record in a criminal prosecution is no bar to a subsequent civil action arising from the same occurrence, and is not competent evidence in the civil action. [Cit.] This is the rule in Georgia [Cits.] The reasons for the rule were enunciated in *[Cottingham v. Weeks,* 54 Ga. 275 (1875)]* as follows: 'It

(the subsequent civil action) is not between the same parties; different rules, as to the competency of witnesses and as to the weight of evidence necessary to the finding, exist. Besides, the present plaintiff was in no sense a party (to the criminal prosecution); she had not part nor lot in it; she could not even examine or cross-examine a witness.'" *Webb v. McDaniel,* 218 Ga. 366, 368 (127 SE2d 900) (1962).

An exception to this rule is established by the following language from Code § 56-2506, supra: "No person who commits murder or voluntary manslaughter and no person who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased even though the person so killing or conspiring be named beneficiary in such an insurance policy. *A plea of guilty or a judicial finding of guilt, not reversed or otherwise set aside as to any such crimes shall be prima facie evidence of guilt under this section . . ."* (Emphasis supplied.) The appellee contends that by implication this statute renders her conviction for involuntary manslaughter admissible as *prima facie* evidence of her innocence of the greater offenses.

We reject this construction of the statute for several reasons. In the first place, it violates the statutory construction maxim, *"expressio unius est exclusio alterius"* — the expression of one thing implies the exclusion of another. Had the General Assembly intended to permit the introduction of the result in a criminal case as evidence of innocence in the civil action, it is reasonable to assume that the statute would contain specific language to that effect. Instead, the statute refers only to pleas of guilty and judicial findings of guilt and provides that they shall be admissible only as evidence of guilt. Furthermore, to interpret the term "judicial finding of guilt" as applicable to a conviction of involuntary manslaughter, so as to render such a conviction admissible as evidence that no greater offense was committed, would give an advantage to one convicted of involuntary manslaughter not shared by one acquitted of all criminal charges arising out of the insured's death. Such a result could only be characterized as irrational. Finally, there is a compelling reason for permitting the admission of a conviction as evidence of guilt while not permitting the admission of an acquittal as evidence of innocence, viz: The burden of proof in a criminal case is greater than in a civil case. Thus, while it may be presumed that evidence sufficient to convict beyond a reasonable doubt would also support a finding of guilt under the preponderance of evidence standard applicable in civil cases, it does not follow that an acquittal under the criminal standard would demand a finding of innocence under the civil one. See *Webb v. McDaniel,* supra, at 368. For these reasons, we hold that the trial court erred in accepting the appellee's conviction for

involuntary manslaughter as *prima facie* evidence in this case that she did not commit murder or voluntary manslaughter. The grant of summary judgment in her favor is accordingly reversed.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1982.

*C. David Mecklin, Jr.,* for appellant.
*E. Marcus Davis,* for appellee.