72339. STATE BOARD OF PARDONS & PAROLES v. SMITH.
(346 SE2d 578)

BIRDSONG, Presiding Judge.

The State Board of Pardons and Paroles appeals the superior court's reversal of the State Personnel Board's action terminating the employment of parole officer Raymond K. Smith.

The State Personnel Board terminated Smith upon a finding of fact that Smith contacted a female parolee while intoxicated and asked her to go out with him to the Holiday Inn for a "couple of

drinks" and, upon at first being refused, called the parolee again and asked her to go out with him for drinks, whereupon the parolee became frightened and notified the sheriff's department, so that a sheriff's lieutenant (and Smith's area supervisor) had to come to the parolee's house and accost Smith as he arrived to escort the parolee to the Holiday Inn. The record shows Smith "probably did indicate to [the parolee] that [the reason for the invitation] was concerning her parole." The Board, notwithstanding Smith's plea that he was receiving treatment for his drinking problem, found in addition to the specific facts alleged, that "the policy of the State Board of Pardons and Paroles prohibits a Probation and Parole Officer from socializing with a parolee assigned to his supervision; that contacting a parolee by a Parole Officer while in an intoxicated state is against agency policy."

The Board concluded that Smith's specifically-found acts constituted misconduct and conduct discrediting the agency, and dismissed him.

The superior court, on appeal by Smith, held the Board's decision was not supported by any evidence, in that the Board of Pardons and Paroles does not have a written policy against a parole officer's "socializing with a parolee assigned to his supervision [or] contacting a parolee by a Parole Officer while in an intoxicated state." *Held*:

On appeal of a decision of the State Personnel Board, the superior court cannot substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, and may not reverse or modify the agency decision unless it is unconstitutional or violates statutory provisions, exceeds statutory authority, is made upon unlawful procedure or affected by other error of law; or is "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record," or is "[a]rbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion." OCGA § 45-20-9 (m) (4) (5).

The Personnel Board in this instance is the trier of fact and law and we, and the superior court, are bound by its finding if there is any evidence to support it. See *Randall & Lewis Lumber Co. v. Randall*, 177 Ga. App. 665, 666 (340 SE2d 644); *Flowers v. Ga. Real Estate Comm.*, 141 Ga. App. 105 (232 SE2d 586); *Georgia Real Estate Comm. v. Hooks*, 139 Ga. App. 34 (227 SE2d 864). The conclusion of the Board in this case *as to the specific acts committed by Smith and the conclusion that they constituted misconduct* are supported by evidence; the superior court was obliged to affirm it and could not substitute its judgment therefor.

The Board made specific findings of fact as to Smith's conduct and as to the "policy" of the agency, and concluded as law and fact that Smith's *described acts* were "acts of misconduct and conduct reflecting discredit on the agency sufficient for the appointing authority

to take dismissal action against Mr. Smith as provided under State Personnel Board Rules [sic] 12.303 and Rule 15," see OCGA § 45-20-8. The evidence supports this finding. The Board specifically found it was Smith's *acts* which were misconduct and conduct discrediting the agency; it did not base its finding of misconduct upon the fact that there was a policy against such acts. A finding of violation of "policy" is unnecessary and superfluous to the decision, and a requirement of finding a violation of *written* policy does not exist.

The superior court erred in substituting its judgment for that of the Personnel Board upon a finding that there was no evidence the employee had violated a written agency policy, and erred in concluding, as it apparently did, that although the Board's finding that Smith's *acts* of misconduct and conduct discrediting the agency sufficient for dismissal were supported by the evidence, it could reverse the Board's decision because a non-essential finding (that there was agency policy against socializing with female parolees) was not supported by any evidence.

We note that, moreover, there is evidence supporting a finding of an understood, though unwritten, agency policy prohibiting the specific conduct of this employee on this occasion, for reasons too obvious to need explanation. But the Personnel Board is not limited in action to a finding of a specific policy violation and in the future should avoid statements as to "policies" whose existence may be questioned and confine its conclusory findings to questions of fact and those stated in the Rules and Regulations of the Personnel Board.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

DECIDED JUNE 5, 1986 —
REHEARING DENIED JUNE 20, 1986.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Sr., Assistant Attorney General, Victoria H. Soto, Assistant Attorney General,* for appellant.

*Douglas Gibson,* for appellee.