## 73089. SWAFFORD v. TANNER et al.
(349 SE2d 498)

SOGNIER, Judge.

Myrtice Swafford was granted unemployment benefits following the cessation of her employment with W. H. Blanchard, M.D. Dr. Blanchard's wife, who was his office manager, filed an appeal from the decision granting Swafford benefits without disqualification. The decision of the Administrative Hearing Officer reversing the award of benefits was affirmed by the Board of Review, Georgia Department of Labor (Board), and by the Superior Court of Polk County. This court granted Swafford's application for discretionary appeal.

Appellant, a registered nurse, had worked for Dr. Blanchard for 35 years, the last 20 years as his office nurse. The Board determined that appellant had resigned from her job following a cutback by Dr. Blanchard of employees in his office. Appellant and Mrs. Blanchard were the only witnesses before the hearing officer and their testimony was in direct contradiction, with appellant asserting that she had been terminated by Dr. Blanchard and Mrs. Blanchard testifying that appellant had resigned. In addition to the testimony of the witnesses, the hearing officer considered documentary evidence which included a letter from Dr. Blanchard stating that appellant had resigned from her employment in his office. In her appeal to the superior court, appellant filed a timely application for leave to present additional evidence pursuant to OCGA § 50-13-19 (f), seeking to introduce the testimony of Dr. Blanchard and two letters written by Dr. Blanchard which were not before the Board prior to its ruling. The superior court affirmed the Board's decision without ruling on appellant's application. This appeal ensued.

Appellant contends the trial court erred by denying her application to present the additional evidence consisting of Dr. Blanchard's testimony and the two letters. OCGA § 50-13-19 (f), relating to judicial review of contested administrative cases, provides in pertinent part: "If, before the date set for hearing, application is made to the court for leave to present additional evidence and it is shown to the satisfaction of the court that the additional evidence is material and there were good reasons for failure to present it in the proceedings before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court."

We agree with appellees that the proffered testimony of Dr. Blanchard does not meet the requirements of OCGA § 50-13-19 (f) because appellant could have but did not request the Board to issue a subpoena to compel Dr. Blanchard's attendance at the hearing pursuant to OCGA § 34-8-8. We also agree with appellees that the first letter of Dr. Blanchard sought to be presented by appellant is without significant probative value because it merely states that he has no ob-

ction to appellant's receiving unemployment benefits. However, we agree with appellant that Dr. Blanchard's letter of June 11, 1985 meets the requirements of OCGA § 50-13-19 (f) and that the trial court erred by denying her application in regard to that letter. The letter was dated three weeks after the Board's decision and confirmed appellant's testimony that Dr. Blanchard terminated appellant, directly contradicting Dr. Blanchard's earlier letter in the record before the Board. Further, Dr. Blanchard indicated in the letter that his wife had no authority to file the appeal from the initial decision awarding benefits to appellant. We find that Dr. Blanchard's letter of June 11, 1985 meets the requirements of OCGA § 50-13-19 (f) and that justice requires that appellant be permitted to present that letter before the Board. See generally *Matthews v. Grace*, 199 Ga. 400, 405 (2) (34 SE2d 454) (1945). Therefore, we reverse the superior court with direction that it vacate its original order in this case, and issue a new order granting appellant's application to present to the Board the additional evidence of Dr. Blanchard's letter of June 11, 1985. The superior court is further directed to remand this case to the Board with direction that it consider that letter, see *DeWeese v. Ga. Real Estate Comm.*, 136 Ga. App. 154 (1) (220 SE2d 458) (1975), as well as any additional evidence the Board may then require pursuant to OCGA § 34-8-172 (b), and with the further direction that the Board "*may* modify its findings and decision by reason of the additional evidence and *shall* file that evidence and any modifications, new findings, or decisions with the [superior court]." (Emphasis supplied.) OCGA § 50-13-19 (f).

We need not address appellant's remaining enumerations in light of our holding.

*Judgment reversed and case remanded with direction. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 23, 1986 —
REHEARING DENIED OCTOBER 7, 1986.

*Wayne W. Gammon, Sara Nell Langland*, for appellant.
*Michael J. Bowers, Attorney General, Wayne P. Yancey, Jr., Senior Assistant Attorney General, Annette M. Cowart, Assistant Attorney General, F. Marion Cummings*, for appellees.