A89A0124. EARP v. HARRIS.
(382 SE2d 156)

POPE, Judge.

Appellee was arrested on March 2, 1988 for driving under the influence of alcohol in violation of OCGA § 40-6-391. At the time of his arrest, appellee refused to submit to a breath alcohol test. Consequently, on March 19, 1988, the Department of Public Safety ("DPS") notified appellee, via certified mail, that his license was suspended for a period of six months pursuant to OCGA § 40-5-55. Appellee was also advised that he was entitled to a hearing to contest the license suspension but that in order to obtain a hearing "written notice must be received within ten days from the receipt of this notice, . . ." Appellee received notification of his license suspension on March 25, 1988. On April 22, 1988, 28 days after receipt of the notice, appellee requested a hearing on the license suspension. On May 5, 1988, the DPS notified appellee that he would not be afforded a hearing on his license suspension because he failed to request said hearing within the ten days specified in the notice received on March 25,

---

1988.

On May 11, 1988, the Probate Court of Upson County found appellee not guilty of the offense of DUI. Thereafter, on May 31, 1988, appellee filed a petition in the Superior Court of Crawford County seeking to have his suspension of license reviewed, based, inter alia, on the DPS's failure to afford him a hearing prior to the suspension of his license. A hearing was held on appellee's petition on June 29, 1988, at which time the superior court received evidence on whether appellee's failure to file timely his request for a hearing was excusable.

On July 18, 1988, the superior court issued an order finding appellee was "providentially hindered from filing his request for a hearing within ten (10) days and that said failure was excusable and does not deprive this court of jurisdiction to review this decision. . . . The court further finds that the record in this case does not support the conclusion that the arresting officer had reasonable grounds to believe the [appellee] was driving or in actual physical control of the automobile in question at the time alleged in the citation. The court finds the decision of the [DPS] . . . must be reversed." The DPS appeals the superior court's order contending, inter alia, that the superior court erred in holding that the failure to request timely a hearing may be excused for "providential cause" and in concluding that such cause had been shown in the case at bar. We agree and reverse.

Our "Implied Consent" Statute, OCGA § 40-5-55 provides, in pertinent part, that a person under arrest for driving under the influence has the right to refuse the request of a law enforcement official to submit to a chemical test designated by that officer, as provided in subsection (a) of that section. OCGA § 40-5-55 (c). However, subsection (c) of that code section further provides that "the department, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle . . . and that the person had refused to submit to the test upon the request of the law enforcement officer, shall in accordance with . . . the 'Georgia Administrative Procedure Act,' and except as otherwise provided in this Code section, notify the person that his license is to be suspended, *subject to review as provided for in this chapter.* . . . [T]he period of suspension shall begin to run only after all administrative hearings and appeals have been exhausted." (Emphasis supplied.) Subsection (d) further provides that "[t]he person so notified *may* request a hearing within ten days from the date of receipt of the notice sent by certified mail. . . . If no hearing is requested within the ten days specified above, the right to a hearing *shall have been waived* and the license of the driver *shall* be suspended." (Emphasis supplied.)

There is no question in the case at bar that the DPS notified appellee of his license suspension and his right to request a hearing as provided by OCGA § 40-5-55 (c) and (d), that appellee received that notification and that appellee failed to request a hearing within the specified period. The trial court, based on appellee's evidence that he left Georgia shortly after he received the notification in order to travel to another state to take care of his daughter following surgery, found appellee's failure to request a hearing within the prescribed time excusable. We do not agree, however, that this unfortunate family emergency rose to the level of a legal excuse for failing to respond within the mandatory time period. No evidence was presented that appellee suffered any mental or physical disability such as would render him legally incapacitated or incapable of requesting the hearing within the ten days afforded him by the statute. Thus the trial court erroneously concluded that appellee's failure to request a hearing within the time provided both in the notice of suspension sent to him by the DPS and in OCGA § 40-5-55 was excusable.

In addition to its findings concerning the failure of appellee to request timely a hearing pursuant to OCGA § 40-5-55, the trial court also found the decision of the DPS to be "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." See OCGA § 50-13-19 (h) (5). Although we are not unmindful that the decision to revoke appellee's license seems inconsistent with the decision of the probate court adjudicating appellee not guilty of the offense of DUI, a lesser standard of proof is required to impose the civil or administrative penalty of suspension of license (reasonable grounds for the officer to believe the arrested person was driving under the influence of alcohol, pursuant to OCGA § 40-5-55 (c)) than is required to convict for the criminal offense of DUI (beyond a reasonable doubt). Therefore, the two decisions are not necessarily inconsistent. See *Sheffield v. State*, 184 Ga. App. 141 (1) (361 SE2d 28) (1987). Here, appellee lost his opportunity to prove his license should not be suspended because the officer did not have reasonable grounds to believe he was driving under the influence by failing to request the hearing afforded him by OCGA § 40-5-55 in a timely fashion. Consequently, we find the trial court erred in reversing the decision of the DPS to suspend appellee's license.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 28, 1989.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General,* for

appellant.
*Bentley C. Adams III*, for appellee.