A90A1698. DEPARTMENT OF HUMAN RESOURCES v. HORNE.
(401 SE2d 556)

MCMURRAY, Presiding Judge.

Appellee, a permanent status Merit System employee appointed as a teacher at Central State Hospital, was dismissed based on charges of having engaged in sexual activity, including sexual intercourse with a resident of the Developmental Disabilities Division. Ap-

pellee appealed the adverse action and a hearing was scheduled and conducted before a hearing officer. The initial decision of the hearing officer found the preponderance of the evidence showed no misconduct by appellee and directed his reinstatement.

The Georgia Department of Human Resources requested a review of the initial decision by the State Personnel Board. The board found that appellee had sexual intercourse with M. W., a 34-year-old female who had resided at Central State Hospital for the preceding 22 years and, that there was sufficient cause for the dismissal of appellee.

Appellee filed his petition for judicial review of the board's decision in the Superior Court of Baldwin County. The superior court found that "[t]he record contains no reliable, probative and substantial evidence within the meaning of O.C.G.A. Section 45-20-9 that the misconduct charged against the [employee/teacher], to wit: having sexual relations with a patient did occur." The superior court reversed the decision of the board and directed the reinstatement of appellee to his former employment.

The Georgia Department of Human Resources made application to this Court and was granted permission to file this discretionary appeal from the judgment of the superior court. *Held*:

Under OCGA § 45-20-9 (m) (4) the superior court may reverse the decision of the board where the board's decision is "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record." OCGA § 45-20-9 (m) states in part: "The court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact." This statutory language has consistently been construed as confining the scope of review by the superior court to the "any evidence" standard. *Hall v. Ault*, 240 Ga. 585 (242 SE2d 101). See also *Georgia State Indemnification Comm. v. Lyons*, 256 Ga. 311 (348 SE2d 642).

In addition to evidence of opportunity, the crucial evidence presented by the Georgia Department of Human Resources before the board was the testimony of M. W. that she had engaged in sexual intercourse with appellee. While other evidence raised issues predicated on multiple theories concerning the veracity of the testimony given by M. W., the resolution of those issues was for the board, as finder of fact, and not the superior court. *State Bd. of Pardons & Paroles v. Smith*, 179 Ga. App. 426 (346 SE2d 578).

The board's findings of fact are authorized by the evidence. The superior court erred in reversing the board's decision.

*Judgment reversed. Sognier, C. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1991 —
REHEARING DENIED JANUARY 17, 1991 — 

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Patricia B. Downing, Assistant Attorney General,* for appellant.
*Waddell, Emerson, George & Buice, B. Carl Buice,* for appellee.