## A96A2282. MILES v. CARR.
### (480 SE2d 282)

RUFFIN, Judge.

Alyce Carr was involved in an automobile collision and was cited for failing to stop at a red light. Because she did not have insurance at the time and failed to post the required security, the Georgia Department of Public Safety ("DPS") suspended Carr's driver's license pursuant to the Georgia Motor Vehicle Safety Responsibility Act. OCGA § 40-9-1 et seq. Carr was subsequently found not guilty of the charge. Nevertheless, following an administrative review, a hearing officer upheld the suspension of Carr's driver's license. The superior court reversed this decision and ordered the reinstatement of Carr's license. Sid Miles, DPS's commissioner, filed a petition for discretionary review, which we granted. For reasons which follow, we reverse the superior court's order.

"When sitting in review of a department's affirmance of an administrative decision, the superior court sits only as an appellate court. [Cit.] . . . The 'any evidence' test is the applicable touchstone and the presence of conflicting evidence is sufficient to satisfy that test. [Cit.]" *Bowman v. Palmour*, 209 Ga. App. 270 (1) (433 SE2d 380) (1993). The superior court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." OCGA § 50-13-19 (h). See also *Hardison v. Fayssoux*, 168 Ga. App. 398, 401 (309 SE2d 397) (1983). In turn, in reviewing a superior court's order in a case under the Administrative Procedure Act, our function "is to determine whether the . . . superior court has in [its] own final ruling committed an error of law." *DeWeese v. Ga. Real Estate Comm.*, 136 Ga. App. 154, 155 (1) (220 SE2d 458) (1975).

1. If an individual is involved in an accident and does not have liability insurance, the Georgia Motor Vehicle Safety Responsibility Act provides that the DPS must require the individual to deposit security sufficient to satisfy any judgment for damages resulting from an accident. OCGA §§ 40-9-32; 40-9-34. If the individual fails to post the required security, the DPS must suspend the operator's license and vehicle registration. OCGA § 40-9-33. "The requirements of depositing security under this Code section shall not apply to any

person against whom the department has found that there is not a reasonable possibility of a judgment being rendered." OCGA § 40-9-32 (c) (1).

Following an administrative review in the present case, a hearing officer determined that there was a reasonable possibility of a judgment being rendered against Carr in an action arising out of the collision and, therefore, upheld the suspension of Carr's driver's license due to her failure to provide security for any such judgment. Carr has failed to present any evidence other than her acquittal in traffic court to support her argument that the hearing officer was incorrect in rendering his determination.

The superior court concluded that there was no reasonable possibility that a judgment could be rendered against Carr, basing its determination strictly on the fact that the traffic court found Carr not guilty of failing to stop at the red light. Miles contends the superior court committed legal error in finding no reasonable possibility of a judgment being rendered against Carr and reinstating her driver's license. Specifically, Miles argues that the standard of review for the criminal action of failure to stop at a red light is a higher standard than that for a civil action against Carr. See *Wilkes v. State*, 210 Ga. App. 898 (437 SE2d 837) (1993) (failure to obey official traffic control device is a criminal offense) (physical precedent only). We agree.

We have previously held that "while it may be presumed that evidence sufficient to convict beyond a reasonable doubt would also support a finding of guilt under the preponderance of evidence standard applicable in civil cases, it does not follow that an acquittal under the criminal standard would demand a finding of [non-liability] under the civil one. [Cit.]" *Neal v. Neal*, 160 Ga. App. 771, 772 (287 SE2d 109) (1982). In a more analogous situation, we have stated that "[a]lthough we are not unmindful that the decision to revoke appellee's license seems inconsistent with the decision of the probate court adjudicating appellee not guilty of the offense of DUI, a lesser standard of proof is required to impose the civil or administrative penalty of suspension of license . . . than is required to convict for the criminal offense. . . . Therefore, the two decisions are not necessarily inconsistent. [Cit.]" *Earp v. Harris*, 191 Ga. App. 414, 416 (382 SE2d 156) (1989).

Based on the foregoing, we conclude that, as a matter of administrative law, the superior court erred in reversing the DPS's decision and holding that merely because Carr was found not guilty of the criminal offense of failure to stop at a red light, there could be no reasonable possibility that a civil judgment could be rendered against her.

2. In her appellate brief, Carr presents a number of alternative

grounds for the superior court's decision, including errors in the police report and the expiration of the applicable statute of limitation. However, the superior court did not rule on these grounds, and no appeal or cross-appeal was filed by Carr. "Thus, we are without jurisdiction to consider these arguments on this appeal." *Cofer v. Schultz*, 146 Ga. App. 771 (2) (247 SE2d 586) (1978).

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 15, 1997.

*Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Neal B. Childers, Senior Assistant Attorney General, Carol A. Callaway, Assistant Attorney General*, for appellant.

Alyce P. Carr, *pro se.*