A98A1701. DEPARTMENT OF CORRECTIONS et al. v. GLISSON.
(508 SE2d 714)

Judge Harold R. Banke.

The Georgia Department of Corrections ("DOC") and the State Personnel Board ("Board") appeal the superior court's reversal of the Board.

Prior to the inception of this litigation, Carlos D. Glisson had been an employee of the DOC assigned as a Correctional Officer II at Rogers Correctional Institution. After Glisson threatened to kill another corrections officer on the night of February 18, 1996, the DOC initiated adverse action charging Glisson with "MISCONDUCT AND UNFITNESS TO PERFORM ASSIGNED DUTIES." The DOC notified Glisson that "your behavior destroyed your credibility and effectiveness as a correctional officer" and terminated him. Glisson appealed that decision to an administrative law judge.

At the administrative hearing, both the victim and his wife confirmed the salient facts underlying Glisson's misconduct. According to the victim, while appearing to be armed, Glisson threatened to kill him. The victim's wife confirmed that Glisson had come to the couple's home and insisted that she listen to a certain tape. She testified that she was scared that Glisson was going to kill her husband, especially after she observed the black handle of what appeared to be a gun tucked into his waistband. An arresting officer, who apprehended Glisson later that night, confiscated a loaded pistol with a

black handle from Glisson. Glisson admitted being upset and going to the victim's home. Although Glisson claimed that he had not been armed, he admitted threatening to kill the victim if he ever again caught him at his house around his wife or son. Finding "the evidence presented at the hearing clearly established that Appellant did make a threat to do bodily harm to another employee of the Department," the ALJ affirmed the termination decision.

Notwithstanding Glisson's subsequent acquittal for the offense of terroristic threats and acts, the Board affirmed the termination decision. However, a superior court reversed the Board, focusing on the ALJ's statement that "a not guilty verdict is not 'conclusive evidence' that no crime was committed." Finding that the ALJ had made an error as to the legal meaning of Glisson's acquittal, the trial court reversed. The Board appeals. *Held*:

The Board contends that the trial court abused its discretion in reversing the Board because there was sufficient evidence of just cause to support the DOC's termination of Glisson. We agree.

Judicial review of the Board's action is narrowly curtailed by OCGA § 45-20-9 (m). This review is "confined to the record" and a superior court cannot "substitute its judgment for that of the [B]oard as to the weight of the evidence on questions of fact." OCGA § 45-20-9 (m). Further, the Board's decision must be affirmed by a superior court if it is supported by any evidence. *Hall v. Ault*, 240 Ga. 585, 586 (242 SE2d 101) (1978); *Stanley v. Dept. of Human Resources*, 146 Ga. App. 450, 451 (1) (246 SE2d 459) (1978). Moreover, the evidence must be construed in a light most favorable to the prevailing party, here, the Board. *Harper v. L & M Granite Co.*, 197 Ga. App. 157, 159 (2) (397 SE2d 739) (1990).

Examined in this manner, and "with every presumption in favor of the board's decision indulged," we find that the record contains some supporting evidence. (Citations and punctuation omitted.) *Dept. of Corrections v. Shaw*, 217 Ga. App. 33 (456 SE2d 628) (1996). The testimony of the victim and his spouse combined with Glisson's admission provide evidence of misconduct and unfitness for duty.

Although the trial court adopted the findings of fact of the ALJ, the court did not employ an any evidence review as required by OCGA § 45-20-9 (m). *Hall*, 240 Ga. at 586. Instead, the trial court determined that the ALJ was obligated to assess the evidence as to whether Glisson committed the offense of terroristic threats and acts by the more stringent "beyond a reasonable doubt" standard rather than by a preponderance of the evidence. This was plainly error. *Miles v. Carr*, 224 Ga. App. 247, 248 (1) (480 SE2d 282) (1997). Glisson cites no authority, and we know of none, which requires that the State prove an allegation of unfitness beyond a reasonable doubt. See *Ga. Bd. of Dentistry v. Pence*, 223 Ga. App. 603, 609 (10) (478 SE2d

437) (1996).

Notwithstanding the claim to the contrary, Glisson was not terminated for committing terroristic threats but because the DOC deemed his acts of misconduct as rendering him unfit to perform his duties as a correctional officer. The fact that Glisson was acquitted of any crime does not negate the testimony in the civil proceeding concerning Glisson's blatant misconduct. See *Stanley*, 146 Ga. App. at 450-451 (1) (superior court cannot substitute its judgment as to the weight of the evidence on questions of fact). Nor does Glisson's contention that his threat did not imply "immediate" harm but rather insinuated only "future" conditional harm demand a different outcome.

Having examined the record, we find that Glisson's termination was supported by some evidence and that the Board did not abuse its discretion. *Shaw*, 217 Ga. App. at 35 (2). Accordingly, the trial court erred in reversing the Board. *Dept. of Human Resources v. Horne*, 198 Ga. App. 341, 342 (401 SE2d 556) (1991); accord *Miles*, 224 Ga. App. at 247.

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 30, 1998 ▇▇▇▇▇▇▇

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Susan L. Rutherford, Senior Assistant Attorneys General, Bryan K. Webb, Assistant Attorney General*, for appellants.

*Callaway, Neville & Brinson, William J. Neville, Jr.*, for appellee.