A99A0555. GEORGIA MOUNTAINS COMMUNITY SERVICE
BOARD v. CARTER.
(514 SE2d 86)

JOHNSON, Chief Judge.

Virginia Carter was terminated from her employment with the Georgia Mountains Community Service Board pursuant to an approved reduction in force plan. Carter appealed her dismissal to the State Personnel Board. The administrative law judge upheld the dismissal, finding that the reduction in force plan was not initiated to circumvent the State Personnel Board's rules on dismissal and that the approved, correct calculation of Carter's retention credits supported the Community Service Board's decision to eliminate her position. The State Personnel Board affirmed the ALJ's decision without modification. Carter appealed the decision to the superior court, where the administrative decision affirming Carter's dismissal was reversed. We granted the Community Service Board's application for discretionary appeal to determine whether the superior court applied the proper standard of appellate review and whether the superior court substituted its own judgment for that of the State Personnel Board with respect to the weight of the evidence and the credibility of the witnesses.

Viewed in a light most favorable to the Community Service Board, the prevailing party before the State Personnel Board, and with every presumption in favor of the State Personnel Board's decision indulged, *Dept. of Corrections v. Shaw*, 217 Ga. App. 33 (456 SE2d 628) (1995), the evidence reveals that Carter, a 13-year state employee, was dismissed from her position as Director of Developmental Disabilities Training pursuant to a reduction in force plan. A "reduction in force" plan seeks to reduce the number of employees of a state merit system-governed employer due to a loss of funding.

State Personnel Board Rule 478-1-.19.101. The employees to be separated are determined by a weighing of retention credits of competing employees. State Personnel Board Rule 478-1-.19.600. Retention credits are derived from prior performance evaluation ratings and length of service. State Personnel Board Rule 478-1-.19.601.

Carter does not challenge the Community Service Board's right to dismiss her pursuant to the reduction in force plan, but appeals her dismissal based on the Community Service Board's alleged violation of Rule 478-1-.19.101 of the State Personnel Board rules, which prohibits a reduction in force plan from being used to circumvent the rules on dismissal. Specifically, Carter alleges that she scored the lowest of the four directors subject to termination under the reduction in force plan because her supervisor did not fairly evaluate her in the two annual reviews prior to the implementation of the reduction in force plan. Carter claims that but for her supervisor's deliberate inaccuracy in completing her performance appraisals, she would not have been eligible to be dismissed under the reduction in force plan.

In her 1995 performance appraisal, Carter received a rating of 3.0 out of a possible 5.0. This rating included the notation "[t]he difference in the score on the rating, as opposed to the prior rating, is the result of a new rater. It should not be seen as a decline in Ms. Carter's performance." Carter did not contest this rating because her new supervisor told her that everyone under his supervision would receive a 3.0 to establish a baseline for future performance evaluations. According to Carter, she later learned other employees had received higher ratings more commensurate with their previous ratings. Carter's previous two ratings under a different supervisor, which did not count for retention credits under the reduction in force plan, were 4.4 and 4.5.

In her 1996 performance appraisal, Carter received a rating of "Did Not Meet Expectations," which is equivalent to a rating of "0." After her 1996 appraisal, Carter sought review of the evaluation. According to State Personnel Board rules, if an employee believes that a "Did Not Meet Expectations" rating is arbitrary, capricious or not reflective of the employee's overall performance, the employee may seek review of the rating by a designated officer of the Community Service Board. State Personnel Board Rule 478-1-.13.304.3. Carter sought this review, but did not prevail in her grievance. State Personnel Board Rule 478-1-.13.305.5 mandates that "[t]he decision of the designated [reviewing] official shall be final, and the issues dealing with the performance management system shall not be grievable nor appealable to the [State Personnel] Board."

1. The Community Service Board contends the superior court abused its discretion in reversing the State Personnel Board's award

because there was sufficient evidence to support the Community Service Board's termination of Carter under the reduction in force plan. We agree and find that the superior court reversed the State Personnel Board's award using an incorrect legal standard.

Under OCGA § 45-20-9 (m), judicial review of the State Personnel Board's action is narrowly curtailed. The superior court's review is confined to the record, and the superior court "shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact." OCGA § 45-20-9 (m). The evidence must be construed in a light most favorable to the prevailing party, here, the Community Service Board, and the State Personnel Board's decision must be affirmed if there is any evidence to support it. See *Dept. of Corrections v. Glisson*, 235 Ga. App. 51, 52 (508 SE2d 714) (1998).

In its reversal of the State Personnel Board, the superior court acknowledged the "any evidence" standard, but failed to apply it. Instead, the court held that the Community Service Board failed to present any evidence to rebut Carter's allegations that her supervisor deliberately circumvented the rules on dismissal by knowingly and falsely manipulating her retention credits. The superior court found the facts in Carter's affidavit uncontroverted and, on that basis, reversed the State Personnel Board's decision.

First, pursuant to State Personnel Board Rule 478-1-.13.305.5, the superior court did not have any authority to review Carter's performance evaluations or consider her arguments regarding her performance evaluations. The superior court's duty on appeal was to determine whether there was any evidence to support the State Personnel Board's decision that (1) the reduction in force plan was valid and not initiated to circumvent the State Personnel Board's rules on dismissal and (2) a correct calculation of Carter's retention credits supported the Community Service Board's finding that she was the correct employee to be dismissed based on the reduction in force plan. Contrary to Carter's assertion, the superior court was not authorized to look beyond Carter's earned retention credits and determine whether the awarded retention credits were proper. Any evidence offered by Carter regarding her allegations of supervisor manipulation of her evaluations was untimely and immaterial. The time to review how the retention credits are obtained is mandated by the State Personnel Board rules. Once the review is either waived or unsuccessful, it is final and cannot be appealed. State Personnel Board Rules 478-1-.19.304 et seq. and 478-1-.19.305 et seq.

There is no dispute in this case that the actual reduction in force plan was valid. There is no dispute that Carter was the Community Service Board employee subject to the reduction in force plan with the lowest number of retention credits. Moreover, Carter concedes that performance appraisals cannot be appealed to the State Person-

nel Board. Thus, the superior court erred in reversing the State Personnel Board's decision.

Even if, as Carter asserts, the sole issue on appeal was whether the Community Service Board used the reduction in force plan to circumvent the rules on dismissal, her appeal must also fail. It is uncontroverted that Carter appealed her second appraisal rating, and her appeal failed. Inherent in that action is the fact that her appraisal rating was proper and not inaccurately low. As for her first appraisal rating, any evidence in the record that she was treated differently from other employees is pure hearsay.

Viewed in a light most favorable to the Community Service Board and with every presumption in favor of the State Personnel Board's decision indulged, we find that the record contains some evidence supporting the State Personnel Board's decision. The fact that Carter's "Did Not Meet Expectations" rating was upheld is sufficient evidence that her supervisor did not unfairly or deliberately inaccurately evaluate her. "Neither the superior court nor this court is authorized to reverse an award because in its opinion the prevailing party did not carry the burden of proving a fact necessary to sustain its position if such fact is nevertheless supported by some competent evidence." (Citations and punctuation omitted.) *Shaw*, supra at 34 (1).

Having examined the record, we find that Carter's termination was supported by some evidence and that the State Personnel Board did not abuse its discretion. *Glisson*, supra; *Shaw*, supra. Accordingly, the trial court erred in reversing the decision of the State Personnel Board.

2. Based on our decision in Division 1, the Community Service Board's remaining enumerations of error are rendered moot.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MARCH 17, 1999.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, James P. Robertson, Jr.*, for appellant.
*Sandra L. Michaels*, for appellee.