## HILL *vs.* PRINTUP.

1. The judge of the superior court, on a motion for new trial, ordered that the new trial be granted unless within thirty days the respondent should renounce all claim or right to recover a certain portion of the property which had been awarded to her by the jury, and should pay to the movant a certain sum of money. Within the time specified counsel representing the respondent paid the specified sum to movant, and filed a renunciation on behalf of their client. At a subsequent term of court, the original case was called, having never been stricken from the docket. Counsel for movant insisted that the terms of the order had not been complied with, because interest on the sum specified should have been paid, and because the renunciation was by counsel instead of by their client.

Counsel for respondent insisted that the terms of the order had been complied with, but if not, they asked time to obtain a formal renunciation from their client, she living in Florida, and no objection having been made to the renunciation before. The court held the renunciation bad, refused time, and ordered that the case stand for a new trial:

*Held*, that such ruling was error. If the renunciation was not strictly complete, reasonable time should have been allowed to complete it.

2. Whether such acts of counsel were not binding on their client? *Quære.*

New Trial. Attorney and Client. Practice in Superior Court. Before Judge UNDERWOOD. Floyd Superior Court. September Term, 1880.

The facts are stated in the first head-note.

WRIGHT & FEATHERSTON, for plaintiff in error.

D. S. PRINTUP, for defendant.

JACKSON, Chief Justice.

Judge Lester granted a new trial to Col. D. S. Printup unless the complainant in an equity cause, who had recovered a verdict against him, would in thirty days pay Printup one hundred and fifty-eight and a half dollars, and in due form of law renounce all claim or right to recover lot No. 3, as designated in the map or plat in the brief of evidence. Within thirty days the money was paid to Printup, and he received it. Within the same time the attorneys of record of the complainant made the renunciation specified in the order. About a year, or some term or two thereafter, Printup contended that the case was still pending, and must go on to trial, because the order had not been complied with; and Judge Underwood, then presiding, held that it had not been complied with in so far as the renunciation was concerned, and refused to allow complainant time to make it herself, the objection being that her attorneys had not the legal power to do so in her stead, and she being a resident of the state of Florida.

To this ruling complainant excepts, and assigns error thereon.

The defendant below and defendant in error here, ought not to have accepted the money if the terms in his judgment were not complied with. Having accepted part, did he not recognize all? Is he not estopped by receiving the money from contesting the validity of the renunciation?

Be this as it may, we think that the court should have allowed time for the complainant to make in person her renunciation, if that of her attorneys and counsel of record was beyond the scope of their agency as such counsel and attorneys. Whilst time was of the essence of this order of Judge Lester as to a practical acceptance of the terms thereof, especially so far as the payment of the money was concerned, it was not essential that the renunciation of all title to the lot in question should be made in that time, provided an honest intention to do so was manifested within the time specified, and put on record. This was done when the counsel for the complainant for their client in Florida made the renunciation for her. Upon the question whether or not their act would bind her there may be doubt, and possibly the line of authority that they could not as counsel in the case bind her may be the better, but we doubt it, and certainly there are two lines of authority thereon. An honest intention to comply on their part and her disposition to ratify their act, are apparent from what they put on record; and the time they asked for her, as she resided out of the state, in order that she might put the matter beyond question, is conclusive of the good faith of the counsel and of their confidence that she would ratify and confirm their conduct in the premises. We think, therefore, that time should have been granted, the more especially as the defendant received the money, and thereby acted upon the compliance with the order in that part which was most beneficial to him as to time, and thus by his own action gave a tacit consent that the whole order was complied with in substance.

The judgment is therefore reversed, and the case re-

manded, with direction that the superior court make such order as will allow complainant time fully to ratify the act of her counsel in the premises, and in her own name, and under her own hand, make the renunciation in due form of law as specified in the original judgment of Judge Lester.

Upon the power of counsel to bind their clients in cases, bearing more or less directly on the point made here, see Code and cases below cited by counsel. Code, §§408, 409; Wait's Ac. & Def., 442, 444; 4 Brews. Penn. 106; 7 B. Munroe, 126; 31 *Ga.*, 22; 36 *Ib.* 108; 39 *Ib.*, 394; 54 *Ib.*, 557; 4 Iredell, 481; 2 Md. Chan., 143, 425; 1 Barb., 519; 23 Tex, 104.

Judgment reversed.