## C. L. Hutton v. John Morrison, Appellant.

*Appeals—Discretion of court—Modification of order.*

The courts have discretionary power to relieve from harmless delay, in compliance with their rules and orders, and the presumption is that a meritorious cause exists for the exercise of such power, when the court permits a stipulation reducing a verdict to be filed, nunc pro tunc, a week after the time allowed had expired.

Argued May 3, 1899.  Appeal, No. 232, April T., 1899, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. Term, 1897, No. 536, on verdict for plaintiff.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.  Per curiam.

Assumpsit.  Before SHAFER, J.

It appears from the record that plaintiff recovered a verdict for $1,000 and a motion was made for a new trial. On February 2, the court made an order that "if plaintiff will remit all of the verdict except $700 within fifteen days, new trial refused, and otherwise new trial will be granted." On March 8, 1899, the court on motion permitted plaintiff to file his stipulations nunc pro tunc as of February 11, 1899, remitting all of the verdict over $700. On same day judgment was entered on the verdict. Defendant appealed.

*Errors assigned* among others were (1) in allowing the plaintiff to file his stipulations nunc pro tunc. (3) In entering judgment on the verdict.

*James G. Montgomery*, for appellant.—The assignment of error may be argued under the following heads : (1) That after the expiration of fifteen days from the handing down of Judge Shafer's opinion, permitting the plaintiff to file stipulations accepting $700 (order of February 2, 1899) since the plaintiff had not elected to do so, the order became absolute, and a new trial was in fact granted by virtue of said orders; (2) that defendant, after said fifteen days had elapsed, had a perfect right, by virtue of said order, to dispose of any property which he might have possessed at that time, free of any incumbrance, on account of said judgment as above ; (3) that it is the general policy of the courts, that they will not lend their aid or sanction to anything in the course of the administration of justice that savors of tyranny or oppression : Ward v. Patterson, 46 Pa. 372; Bradwell v. Pittsburg, etc., Pass. Ry. Co., 139 Pa. 404; Syracuse Oil Co. v. Carothers, 63 Pa. 379; Linton v. Vogel, 98 Pa. 457 ; Adams v. Bush, 5 Watts, 289.

*H. M. Scott*, for appellee, filed no paper-book.

Per Curiam, May 18, 1899 :
In view of the form of the order disposing of the rule for a new trial, we are of opinion that the court had discretionary power to permit the release to be filed nunc pro tunc. The presumption is that there was a meritorious cause for the exercise of the power, and no abuse of discretion is apparent. It is

not shown that the appellant was harmed by the few days' delay in the filing of the release, and it is not easy to see how he could have been. The case while not similar in all of its facts, comes fairly within the principles enunciated in Lance v. Bonnell, 105 Pa. 46. If the courts had no discretionary power to relieve from harmless delay, in complying with their rules and orders, the appellant himself must have been turned out of this court without a hearing. We, have, however, considered his case, and are not convinced that the court exceeded its powers or was guilty of a plain abuse of discretion in making the order complained of.

The judgment is affirmed.