Morris Jamson, App't
vs.                          No. 80950
George B. Poletes

January 8, 1931.

CHURCHILL, J. Heard on motion to extend time within which to file remittitur.

In this case, after a verdict for the plaintiff in the sum of · $700, the defendant filed a motion for a new trial. This motion was heard on December 6, 1930, and on the same day the Court found that in respect to liability the verdict was supported by the testimony but that the verdict was excessive and granted the motion for a new trial unless the plaintiff should within ten days thereafter remit all of the verdict in excess of $500.

The defendant, on December 11, 1930, filed his notice of intention to claim a bill of exceptions.

The time for filing the remittitur by the plaintiff expired on the 16th day of December, 1930, and at that time no remittitur had been filed. On December 20, 1930, the plaintiff filed his remittitur and accompanied the remittitur with a motion that the remittitur be allowed to be filed nunc pro tunc, setting up as a ground for the motion that he duly mailed the remittitur, properly addressed to the office of the Clerk, with the postage prepaid, and through some unaccountable accident it was not delivered.

On December 24th, 1930, the defendant, whose counsel had knowledge of the fact that a motion had been filed by the plaintiff that he be allowed to file his remittitur out of time, withdrew his claim of intention to prosecute a bill of exceptions. Later the plaintiff filed an amended motion to be allowed to file a remittitur nunc pro tunc, or that the time within which said remittitur might be filed be extended, and supported the motion by an affidavit of the facts.

The power to grant a new trial unless a portion of the verdict be remitted is a common law power of the Court and not controlled by statute. On the authorities it appears that a Court exercising its common law powers in respect to granting a new trial unless a remittitur be filed has the inherent right to extend the time where it can be done without prejudice to the rights of the other parties in the case.

46 C. J., p. 433;
Hutton vs. Morrison, 10 Pa. Super. 364;
Harris vs. Speirs, 55 Utah, 474. (This case, while decided under a statute, also considered the question of the inherent power of the Court to grant an extension of time.) ;
Campbell vs. Pittsburg Bridge Co., 23 Pa. Super. 138;
Hill vs. Printup, 67 Ga. 731.

The defendant relies on the case of Ashaway National Bank vs. Superior Court, 28 R. I. 355. This case is not in point. It construed a controlling statute on the point involved and ruled that a justice of the Superior Court who has heard a case without a jury, decided the case, and where such decision has been noted on the docket, can not thereafter vacate his decision.

The distinction between the situation presented in the Ashaway case and that in the instant case is obvious.

The defendant claims that, having withdrawn his bill of exceptions, he will therefore be prejudiced if extension of time for filing a remittitur be granted.

At the time that his notice of intention to prosecute a bill of exceptions was withdrawn, counsel for the defendant had knowledge that a motion had been made for leave to file a remittitur. Under such circumstances, the defendant took all the risks inherent in such a course of procedure and can not now complain.

The motion for an extension of time wherein to file a remittitur is hereby granted and the time is hereby extended to the 22nd day of December, 1930.

For plaintiff: R. De B. LaBrosse.

For defendant: Walter I. Sundlun.