22958.   ABNEY *v.* THE STATE.

DECIDED MAY 24, 1933.

*W. R. McDonald, Jeff D. Curry,* for plaintiff in error.

*George Hains, solicitor-general, John M. Graham,* contra.

GUERRY, J.   Mattie Abney was convicted on June 9, 1932, in the superior court, of Richmond county, of the offense of involuntary manslaughter. A motion for a new trial was filed by her counsel on June 10th. On August 16th the following entry was made on the motion for a new trial: "The within motion for new trial is hereby withdrawn. This August 16th, 1932. Fleming and Fleming, attorneys for Mattie Abney." On December 31, 1932, other attorneys representing Mattie Abney presented a brief of evidence and an amended motion for new trial to the court for consideration and approval, to which the solicitor-general objected because the original motion for a new trial had been withdrawn. On January 5, 1933, Mattie Abney presented a petition to the court to set aside the entry of withdrawal, for the reason "that it was not the result of the open, public, and voluntary renunciation by Mattie Abney in open court of her motion for new trial and does not amount to a

legal withdrawal of said case by Mattie Abney," "that plaintiff was not in court when said motion for new trial was withdrawn, and it was not withdrawn in open court and no judgment has ever been taken." There is no allegation that Fleming and Fleming were not her attorneys on August 16th, or that they acted without her authority, knowledge, or consent, or that there was any fraud or collusion in the entry of withdrawal made by them.

It was not necessary that the defendant should be present and assent to the withdrawal of the motion for a new trial. Her attorney is presumed to have acted with her authority. See, in this connection, *Hill* v. *Printup,* 67 *Ga.* 731, where it was held that an attorney represents his client in all matters pertaining to the suit in which he is employed, and that he can write off part of a verdict rendered in his client's favor. In *Bradshaw* v. *Gormerly,* 54 *Ga.* 557, it was held that even if the claimant had not assented to the agreement in person, nevertheless he would be bound by the acts of his attorney in withdrawing the claim. In *Williams* v. *Simmons,* 79 *Ga.* 649 (7 S. E. 133), Judge Bleckley aptly said: "When a suitor comes into court, competent to select counsel, and does select counsel, . . the counsel is there for the purpose of representing the client, and whatever the counsel assents to, the client assents to. There is full power on the part of the counsel to represent the client, and it is just the same as if the client were there in person." See also *Bryant* v. *Elberton Ry. Co.,* 20 *Ga. App.* 589 (93 S. E. 219), and Civil Code (1910), § 4955. Counsel representing a defendant may fail to present a brief of evidence in time and the motion will be dismissed. He may abandon his motion, as was held in *Moody* v. *State,* 14 *Ga. App.* 523 (81 S. E. 588). Why may not such counsel, by direct action, withdraw his motion, if he can by his acts abandon it? We think that under the law counsel has ample authority to withdraw the motion.

The next question to be considered is whether or not a motion for a new trial can be withdrawn by a mere entry on the motion without any formal order of the court. In Veazie *v.* Wadleigh, 11 Peters, 55 (9 L. ed. 630), the Supreme Court had under consideration the following state of facts. The judges of the circuit court, of the district of Maine, were divided on certain questions arising in the trial of the cause, and on motion of the plaintiff the questions were certified to the Supreme Court, as provided by law.

42

Plaintiff's counsel filed in the court below a notice to the defendant that the case was withdrawn, and the question presented was expressed by Story, J., delivering the opinion of the court, thus: "The only point of difficulty is, whether the filing of the above paper in the circuit court, in vacation, constitutes, per se, a discontinuance of the original cause, without any action of the circuit court thereon, upon which this court ought now to act." The court further said: "Under the circumstances of the present case, we have no doubt that the plaintiff is estopped hereafter to withdraw his assent to the discontinuance of his suit in the circuit court; and that that court possesses full authority to enter such discontinuance at its next term, upon the mere footing of the paper filed in the clerk's office, without any further act of the plaintiff. We think, too, that it would be the duty of that court to allow the entry of such discontinuance, upon the application of the plaintiff; as he certainly has a right, in that or some other form, to decline to proceed further in the suit or to prosecute it further, subject to the payment of costs to the defendants." It would therefore seem, under this decision and our own code section 5548, allowing the plaintiff to dismiss his petition in term time or vacation, that there would be no necessity for any formal order of the court dismissing the motion for a new trial. When counsel withdrew the motion it ceased to live, and no resurrective known to the law could revive it. The court therefore did not err in refusing to allow counsel to amend the motion or in refusing to set aside the entry of withdrawal.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*