A97A2318. MILES v. ANDRESS.
(493 SE2d 233)

JOHNSON, Judge.

We granted the Georgia Department of Public Safety's ("DPS") application for discretionary review to review a superior court's order reversing the final decision of the DPS to suspend Danyale Andress' driver's license. The superior court judge ordered the license reinstated because, "it is inequitable to impose the provisions of Official Code of Georgia Annotated § 40-9-60, et seq." in this case.

When Andress was 16 years old, she was involved in an automobile accident. Andress was driving her mother's car, which was uninsured. She collided with a car driven by Hollis Thompson, causing property damage and personal injury. Thompson sued Andress' mother and obtained a default judgment which was discharged in bankruptcy. When Andress reached majority, Thompson sued her, again obtaining a default judgment. Andress has not paid the judgment. Thompson sent the DPS a certified copy of the unsatisfied judgment. The DPS initiated suspension proceedings pursuant to OCGA § 40-9-61. After a hearing, Andress' license was suspended. Andress appealed this decision to the superior court, which reversed and ordered the license reinstated.

A superior court, when reviewing a DPS decision, sits only as an appellate court. The decision of DPS shall be affirmed so long as there is "any evidence" to support it. *Miles v. Carr*, 224 Ga. App. 247 (480 SE2d 282) (1997); *Bowman v. Palmour*, 209 Ga. App. 270 (1) (433 SE2d 380) (1993). The superior court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." OCGA § 50-13-19 (h). *Hardison v. Fayssoux*, 168 Ga. App. 398, 401 (309 SE2d 397) (1983). When reviewing a superior court's order in a case under the Administrative Procedure Act, this Court's function " 'is to determine whether the . . . superior court has in (its) own final ruling committed an error of law.' [Cit.]" *Miles v. Carr*, supra; *DeWeese v. Ga. Real Estate Comm.*, 136 Ga. App. 154, 155 (1) (220 SE2d 458) (1975).

Here, as in *Yancey v. Hall*, 265 Ga. 466, 467-468 (1) (458 SE2d 121) (1995), the trial court attempted to invoke its power as a court of equity to see that justice was done. "However, the superior court was

not sitting as a court of equity, but as an appellate court. . . . [And] the superior court as an appellate court here has only the jurisdiction of the [Department of Public Safety] which has no equitable powers in such a case." (Citations and punctuation omitted.) Id. at 468 (1). Therefore, the trial court had no jurisdiction to invoke "equity" in this case, but rather was being called on to apply the law as written. Even if the superior court was authorized to exercise its equity jurisdiction in this case, it was not permitted to ignore the first maxim of equity, that equity follows the law. OCGA § 23-1-6. "[E]quity cannot supersede the positive enactments of the legislature. [Cit.]" *Glover v. Glover*, 172 Ga. App. 278, 279 (2) (322 SE2d 755) (1984). No matter how well-intentioned, a superior court may not disregard the law and the applicable standards of review in those instances in which it sits as an appellate court.

Because the evidence in this case was sufficient to support the DPS's decision to suspend Andress' license and its decision was neither arbitrary and capricious nor an abuse of discretion, the trial court erred in reversing it.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 30, 1997.

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Carol A. Callaway, Senior Assistant Attorney General,* for appellant.

*Altman, Lane & Lilly, Virginia G. Lane,* for appellee.