## S00A0511. MILES v. SHAW.
### (532 SE2d 373)

SEARS, Justice.

This Court granted a discretionary application to consider whether the trial court erred in ruling that the procedures associated with a Department of Public Safety ("DPS") administrative appeal of the suspension of a driving license violate the procedural due process

requirements of our State and Federal Constitutions. Having considered the entire scope of the administrative and statutory procedures available to appeal the suspension of a driving license, we conclude that they afford adequate procedural due process protections by means of a de novo review to be conducted pursuant to a hearing held in the superior court. As explained more fully below, such de novo review is available to all licensees who make a timely request, and is not precluded when a licensee opts to first pursue a DPS administrative review of their license suspension. Accordingly, we reverse.

Appellee was cited by the Lithonia Police Department for speeding and attempting to elude a police officer. She was convicted in the Recorder's Court of both charges, and her driver's license was suspended for 12 months by DPS. Wishing to pursue an appeal of her suspension, appellee had two options available to her: (1) pursue a de novo appeal in the superior court pursuant to OCGA § 40-5-66; or (2) defer the de novo appeal and pursue a DPS administrative review under DPS Rule 570-1-.06. Appellee elected to first pursue the latter option and requested an administrative review with DPS, stating that she felt her license was "unjustly suspended."[1] That optional in-house DPS administrative review was conducted pursuant to DPS Rule 570, which authorizes DPS to review license suspensions without a hearing if "a decision can be rendered on the face of the request without further proceedings."[2] On November 2, 1998, DPS determined that it could render a decision on the face of appellee's appeal without a hearing, and it subsequently upheld her suspension.[3] Appellee was not afforded the opportunity to personally appear at the optional DPS administrative review.

Upon receiving notice of DPS's decision to uphold the suspension, appellee filed a "Petition for Judicial Review of Administrative License Suspension" in the Superior Court of Fulton County, thus triggering the previously deferred de novo appeal set forth in OCGA § 40-5-66. In her petition, appellee asserted that she was denied due process of law when DPS entered an administrative final decision on her license suspension without first affording her a hearing. A de novo hearing was conducted in the superior court at which appellee personally appeared, and at which DPS appeared through counsel.

---

[1] Throughout this matter, appellee has conceded that she was exceeding the speed limit, but maintains that she did not attempt to elude police officers. Rather, she contends that because the pursuing officer sought to stop her in a dark and isolated area, she merely opted to follow the advice of safety officials and drive to a nearby well-lit area before stopping.

[2] DPS Rule 570-1-.06 (2) (d).

[3] As noted above, appellee was convicted of attempting to elude police officers, and OCGA § 40-5-54 (a) (5) states that DPS "shall . . . suspend . . . the license of any driver upon receiving a record of . . . conviction of . . . attempting to elude an officer."

Thereafter, the superior court held that DPS conducted the administrative appeal of appellee's license revocation "summarily to [appellee's] detriment," and concluded that because appellee was not afforded an opportunity to appear at a DPS hearing concerning her license suspension, the DPS in-house appellate procedures outlined above violate the requirements of procedural due process and thus are unconstitutional. This Court granted DPS's application to review that ruling. We reverse.

It is axiomatic that a driver's license is a property interest that may not be denied to an individual without due process of law.[4] It follows that a driving license may not be suspended or terminated without first affording the licensee a meaningful hearing on the issue, as required by the procedural due process guarantees of the Fourteenth Amendment of the United States Constitution and Article One of our Georgia Constitution.[5]

When a Georgia driver's license is suspended, the licensee is presented with two options for appeal. Under the Code, an individual has the right to file a timely appeal to the superior court from *any final decision* of DPS concerning license suspension. Such an appeal shall be de novo, and upon request, the licensee shall be afforded a hearing on the suspension of their license.[6] Accordingly, the statutory procedure for appealing the suspension of a driver's license satisfies the basic requirements of procedural due process.

Alternatively, a licensee may defer pursuing an appeal in the superior court by opting to first appeal the license suspension directly to DPS by means of an in-house administrative appeal. However, under DPS's internal rules, if an appellate decision "can be rendered on the face of the request without further proceedings," the individual may not be afforded a hearing at that particular stage of the appellate process.[7] Accordingly, DPS's internal rules, *when examined in isolation*, do not satisfy the dictates of procedural due process.

However, DPS's internal procedure for considering appeals of license suspensions do not exist in isolation, and in this matter, the superior court erred by treating them as if they did. A licensee such as appellee who elects to first pursue an administrative appeal to DPS, and is unsuccessful in that effort, is still entitled to file an appeal in the superior court under § 40-5-66, at which the licensee will receive a meaningful hearing upon request. Stated differently,

---

[4] *Quiller v. Bowman*, 262 Ga. 769, 770-771 (425 SE2d 641) (1993).
[5] *Bell v. Burson*, 402 U. S. 535, 539 (91 SC 1586, 29 LE2d 90) (1971) (addressing Georgia's Motor Vehicle Safety Responsibility Act, Ga. Code Ann. § 92A-601 et seq. (1958)).
[6] OCGA § 40-5-66.
[7] DPS Rule 570-1-.06 (2) (d).

by first appealing directly to DPS, a licensee does not forgo his or her right to appeal to the superior court and receive a hearing, but rather merely defers such an appeal. In fact, our review of the record in this matter reveals that when DPS notified appellee that her administrative appeal had been denied, it also notified her of her right to pursue a further appeal of her license suspension in the superior court by including the following language in its notice:

> This ruling [by DPS] shall be final, unless the licensee desires to appeal this ruling to the Superior Court of the county of his/her residence, or to the Superior Court of Fulton County. An appeal must be made within thirty (30) days from the date and time this Department has entered its ruling on November 2, 1998.

In reviewing an earlier incarnation of Georgia's Motor Vehicle Code, the United States Supreme Court specifically noted that when a licensee first pursues an administrative appeal of a driver's license suspension and defers a judicial appeal of such suspension until a later time, the initial administrative appeal may fall short of fulfilling the requirements of due process, so long as that shortcoming is satisfied in a subsequent judicial review to which the licensee is entitled regardless of whether he or she first seeks administrative review.[8] As outlined above, while the first stage of the appellate path followed by appellee in this matter did not satisfy her rights of procedural due process, the second stage of that same path did satisfy the guarantee of procedural due process, and did afford appellee the rights attending that guarantee. Accordingly, appellee was not denied her right to procedural due process, and the trial court erred in concluding otherwise.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*Thurbert E. Baker, Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, James J. Phillips, Assistant Attorney General,* for appellant.

Mesha M. Shaw, *pro se.*

---

[8] *Bell v. Burson,* 402 U. S. at 542-543.