A05A0564. DAVIS v. BROWN.
(616 SE2d 826)

ADAMS, Judge.

James R. Davis, the Commissioner of the Department of Motor Vehicle Safety appeals from the order of the superior court setting aside the suspension of Stuart R. Brown's driver's license.

On February 22, 2004, Brown was arrested for driving under the influence and failing to yield after he pulled out of a parking lot into the path of a police car driven by Athens-Clarke County Police Officer Timothy Scott. After stopping Brown for the traffic violation, Officer Scott observed signs of intoxication, testifying that he appeared "pretty drunk." The officer administered a number of field sobriety tests, which Brown failed. He read Brown the implied consent warning at the scene, but Brown refused to submit to a breath test.

Officer Scott transported Brown to the Athens-Clarke County Jail where he filled out the "necessary paperwork," including DPS Form 1205. This form documented Brown's refusal to consent to the breath test and notified him that his license would be suspended. The back of the form notifies a driver of the right to a hearing before an administrative law judge to challenge the suspension and further informs the driver that he has ten days to request such a hearing as provided in OCGA § 40-5-67.1 (g) (1). Both Brown and Officer Scott

signed this form, and the officer testified that he gave Brown a copy, stapled to his citations. In signing, Officer Scott certified that he had provided Brown with a copy of the form.

Brown testified that he recalled signing some papers, but stated that his copies of these documents were "taken back" when he was placed into a holding cell. Although Brown did not recall what documents he signed, he stated that he did not have any personal papers when he was placed in the holding cell, nor did he have any papers when he later left the jail. Brown subsequently pled guilty to the DUI charge and attended a DUI school in relation to the charge.

Brown did not, however, request a hearing before an ALJ regarding the license suspension within the requisite ten-day period and the DMVS subsequently suspended his driver's license. Brown received notice of his suspension at the time he entered his guilty plea, as well as subsequent written notice by mail.

Brown appealed his suspension to the superior court pursuant to OCGA § 40-5-66. The superior court set aside the suspension on the ground that Brown was not effectively served with DPS Form 1205. The court found that Officer Scott's service of the form was nullified when another officer at the jail confiscated Brown's copy of the form, depriving Brown of a meaningful opportunity to contest the license suspension. The superior court further found that even if the service were effective, the fact that the form was confiscated was an event beyond Brown's control that prevented him from filing a timely hearing request. As a result, the court concluded that Brown was entitled to a hearing under the DMVS rules.

1. Davis contends that the superior court strayed from its permissible scope of review and relied upon facts not in evidence in making these findings. In particular, he asserts that the trial court improperly applied equitable principles in setting aside the license suspension.

While a hearing on an appeal to the superior court of a license suspension is de novo, OCGA § 40-5-66 (b), the superior court sits as an appellate court in conducting its review of the suspension. Thus, the decision of the DMVS must be affirmed if there is "any evidence" to support it. *Miles v. Andress*, 229 Ga. App. 86 (493 SE2d 233) (1997). "The superior court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. OCGA § 50-13-19 (h)." (Citation and punctuation omitted.) Id. Thus, this Court held that it was error for the superior court to apply equitable principles in reviewing a license suspension:

> [T]he superior court was not sitting as a court of equity, but as an appellate court. . . . [T]he superior court as an appellate court here has only the jurisdiction of the [DMVS,] which has

no equitable powers in such a case. Therefore, the trial court had no jurisdiction to invoke "equity" in this case, but rather was being called on to apply the law as written.

(Citations and punctuation omitted.) Id. at 86-87.

And when this Court reviews a superior court's order in such a case, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency." (Citation and punctuation omitted.) *Professional Standards Comm. v. Alberson*, 273 Ga. App. 1, 5 (1) (614 SE2d 132) (2005). See also *Miles v. Wells*, 225 Ga. App. 698 (484 SE2d 720) (1997).

Applying these principles to the current case, we note that under OCGA § 40-5-67.1 (g) (1), a driver waives the right to a hearing on his license suspension if he fails to meet the ten-day requirement for requesting a hearing:

A person whose driver's license is suspended . . . shall request, in writing, a hearing within ten business days from the date of personal notice or receipt of notice sent by certified mail or statutory overnight delivery, return receipt requested, or the right to said hearing shall be deemed waived.

Davis contends that this ten-day period was triggered when Brown was given a copy of DPS Form 1205. He notes that OCGA § 40-5-67.1 (f) (1) requires only that a police officer "personally serve the notice of intention to suspend or disqualify the license of the arrested person . . . on such person at the time of the person's refusal to submit to a test. . . ."

Pretermitting the issue of whether the superior court improperly applied equitable principles, we find that the court erred in setting aside Brown's license suspension because evidence existed in the record to support the DMVS's conclusion that Officer Scott met the minimum service requirements of OCGA § 40-5-67.1 (f) (1) by handing Brown a copy of DPS Form 1205 at the time of his arrest. In reaching a different conclusion, the superior court improperly substituted its judgment for that of the DMVS. See generally *Bowman v. Palmour*, 209 Ga. App. 270 (433 SE2d 380) (1993). "No matter how well-intentioned, a superior court may not disregard the law and the applicable standards of review in those instances in which it sits as an appellate court." *Miles v. Andress*, 229 Ga. App. at 87.

2. Nevertheless, we find that the superior court properly found that Brown was entitled to a hearing before an administrative law

judge under the facts of this case. The DMVS rules give the department some discretion in granting a hearing where a driver misses the ten-day requirement:

> The Department will grant hearings as a matter of right only upon timely receipt of a request . . . , but may, in its discretion, allow extensions of time and amendments of request for good cause shown. Unless otherwise specified by statute or elsewhere within the rules of the Department, hearings requested because of an impending suspension . . . must be requested in writing within ten (10) days of the issue date noted on the order or suspension. . . . No hearing shall be held if requested thereafter except **where events uncontrollable by the aggrieved person are shown by him or her to have prevented a timely request.**

(Emphasis supplied.) Ga. Comp. R. & Regs. r. 375-3-3-.04. The Department of Public Safety has a similar rule providing for a hearing without a timely request where "events uncontrollable by the aggrieved person are shown by him to have prevented a timely request." Ga. Comp. R. & Regs. r. 570-6-.04.

Here, the evidence showed that although the form was served upon Brown, his copy was taken away from him when he was placed in a holding cell, presumably a short time after he received the notice. And although there was no direct evidence that the form was seized by a deputy or other police officer, this fact could properly be inferred from the circumstances surrounding arrest procedures. Accordingly, we agree with the trial court that Brown demonstrated that events uncontrollable by him prevented his making a timely request for a hearing. As our Supreme Court has noted, "It is axiomatic that a driver's license is a property interest that may not be denied to an individual without due process of law." *Miles v. Shaw*, 272 Ga. 475, 477 (532 SE2d 373) (2000). Thus, the superior court properly could have found under the appropriate standards that the DMVS acted arbitrarily and capriciously and abused its discretion in applying the ten-day notice requirement under the facts present here. OCGA § 50-13-19 (h) (6).

*Judgment affirmed in part and reversed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 27, 2005.

*Thurbert E. Baker, Attorney General, Mary B. Westmoreland, Deputy Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, Robert W. Smith, Jr., Assistant Attorney General,* for appellant.

*Fortson, Bentley & Griffin, Robert N. Elkins,* for appellee.