S06A0293. JAMES v. DAVIS.
(629 SE2d 820)

SEARS, Chief Justice.

In this mandamus action, the appellant, Dennis James, sought to have the trial court order the appellee, James Davis, the Commissioner of the Department of Driver Services, to issue James a driver's license. The trial court denied mandamus relief, and for the reasons that follow, we conclude that the trial court did not err.

In April 2003, the Department of Motor Vehicle Safety[1] declared James to be a habitual violator and revoked his driver's license. James appealed that decision to an administrative law judge under the Administrative Procedure Act[2] and the administrative judge ruled that James had been wrongly declared to be a habitual violator. After James unsuccessfully sought to have the Department of Motor Vehicle Safety issue him a driver's license based on the administrative law judge's ruling, he filed this mandamus action seeking to compel the Commissioner to reclassify him as a non-habitual violator and to issue him a driver's license. As previously noted, the trial court denied mandamus relief, and James has now filed this appeal.

James contends that the administrative law judge's decision is binding on the parties and that the trial court thus erred in failing to

---

[1] In 2005, the Department of Motor Vehicle Safety became the Department of Driver Services. See Ga. Laws 2005, p. 334.
[2] OCGA §§ 50-13-1 to 50-13-44.

require Commissioner Davis to follow the administrative law judge's ruling that James was not a habitual violator. Commissioner Davis, on the other hand, contends that the administrative law judge did not have jurisdiction to address the issue of James's habitual violator status, and that therefore his ruling was not binding on the parties. We agree with the Commissioner's contention.

Under OCGA § 40-5-66 (a), a person aggrieved by a final decision declaring him a habitual violator has a statutory right of appeal to superior court. Moreover, the Department has also granted such a person a right to pursue an internal administrative review within the Department before appealing to superior court.[3] On the other hand, there is no statute or administrative rule granting administrative law judges operating under the Office of State Administrative Hearings[4] the authority to review a ruling by the Department of Motor Vehicle Safety that someone is a habitual violator. Because the administrative law judge lacked jurisdiction to review the Department's declaration that James was a habitual violator, the administrative law judge's ruling on the issue is void and of no effect.[5] Accordingly, the trial court properly declined to grant James mandamus relief and properly declined to order the Commissioner to issue James a driver's license.

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I agree with the majority opinion, but write separately to warn the bench and bar regarding the apparent source of confusion for James and for the administrative law judge (ALJ): Before declaring James to be a habitual violator and revoking his driver's license, which decision the ALJ did not have jurisdiction to review, the Department of Motor Vehicle Safety (Department) made another decision over which the ALJ did have jurisdiction.

The Department suspended James' driver's license in 2000, based upon a DUI conviction, and issued him a limited driving permit. After his later conviction for fleeing and attempting to elude the police, the Department notified him on March 3, 2003 that his limited permit was revoked pursuant to OCGA § 40-5-64, and that he could seek review in accordance with the Administrative Procedure Act (APA) and the Departmental rule which is applicable in APA cases. In response to this notice, James promptly requested review. Only after James made that request for review did the Department

---

[3] See *Miles v. Shaw*, 272 Ga. 475, 476-478 (532 SE2d 373) (2000); Ga. Comp. R. & Regs. r. 570-1-.06.

[4] See OCGA §§ 50-13-40 to 50-13-44.

[5] *Lewis v. Winzenreid*, 263 Ga. 459, 460-462 (435 SE2d 602) (1993).

declare him to be a habitual violator pursuant to OCGA § 40-5-58. The Department notified him of that decision, the accompanying five-year revocation of his driver's license, and his right to a hearing pursuant to the Departmental rule which is applicable in non-APA cases. James did not ever request a hearing or file an appeal from the habitual violator declaration. On April 29, 2003, the ALJ issued a notice of hearing for the sole purpose of determining whether the limited permit should be revoked based on OCGA § 40-5-64 and the Departmental rule regarding APA cases. In response to this notice, the Department submitted copies of James' official records, which included the new declaration of habitual violator status. Thereafter, the Department was excused from attendance at the hearing. The ALJ then reviewed and reversed both the revocation of the limited permit and the habitual violator declaration.

Under OCGA § 40-5-64 (h), James was entitled to a hearing before the ALJ under the APA with respect to the revocation of his limited permit. That statute, however, is one of two narrow exceptions to OCGA § 40-5-66, the general statute providing for appeals from decisions of the Department to the superior court. Thus, although the ALJ clearly had jurisdiction to review the revocation of the limited permit, the majority correctly holds that an ALJ operating under the Office of State Administrative Hearings lacks jurisdiction to review the separate issue of a habitual violator declaration. In order to protect his right to a review of that issue, James should have either requested an internal Departmental hearing or appealed directly to superior court. *Miles v. Shaw*, 272 Ga. 475, 477-478 (532 SE2d 373) (2000).

Accordingly, it would behoove persons aggrieved by one or more Departmental decisions, the attorneys who represent them, and the ALJs who are asked to review such decisions to examine carefully the general appeals provision in OCGA § 40-5-66 and its exceptions.

DECIDED MAY 8, 2006.

*William J. Sussman*, for appellant.

*Thurbert E. Baker*, Attorney General, *Robert W. Smith, Jr.*, for appellee.