**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 17, 2015**

# In the Court of Appeals of Georgia

A15A1576. MIKELL v. HORTENSTINE.                    JE-076

ELLINGTON, Presiding Judge.

Robert G. Mikell, in his capacity as Commissioner of the Department of Driver Services (the "Department"), following our grant of his application for discretionary appeal, appeals from the trial court's order reversing the Department's decision to deny, as untimely, Jayson Hortenstine's request for an administrative license suspension hearing pursuant to OCGA § 40-5-67.1 (g). We agree with Mikell that the actions of Hortenstine's attorney in failing to mail a timely request for a hearing were imputed to Hortenstine, and reverse.[1]

---

[1] Hortenstine has moved to dismiss this appeal as moot. He represents, albeit without affidavit or documentary support, that he has pleaded guilty to a reduced charge of reckless driving and that the underlying criminal case "was closed with a non-DUI resolution" such that, he argues, any suspension of his driver's license must be terminated and deleted from his record pursuant to OCGA § 40-5-67.1 (g) (4). The

"While a hearing on an appeal to the superior court of a license suspension is de novo, OCGA § 40-5-66 (b), the superior court sits as an appellate court in conducting its review of the suspension. Thus, the decision of the [Department] must be affirmed [by the superior court] if there is any evidence to support it." (Citation and punctuation omitted.) *Davis v. Brown*, 274 Ga. App. 48, 49 (1) (616 SE2d 826) (2005).[2] And "when this Court reviews a superior court's order in such a case, our duty is not to review whether the record supports the superior court's decision but

Department does not concede the factual allegations and argues that the appeal is not moot under the record before this Court. The trial court's order expressly provided that Hortenstine's license not be suspended before an administrative license suspension hearing is held (or that he be issued a temporary permit until the hearing), and thus it does not appear that the suspension of Hortenstine's driver's license (which would otherwise be for a one year period under OCGA § 40-5-67.1 (d)), would have expired during the pendency of this appeal. The motion to dismiss the appeal as moot is denied.

[2] OCGA § 40-5-66 provides for a de novo appeal to the superior court from any decision of the Department, excepting in the case of appeals taken under OCGA § 40-5-67.1 (h) and OCGA § 40-5-64 (h). If Hortenstine's driver's license suspension had been sustained following a hearing under OCGA § 40-5-67.1 (g), then the appeal to the superior court would have been proper under OCGA § 40-5-67.1 (h). See *Dozier v. Pierce*, 279 Ga. App. 464, 466 (1) (631 SE2d 379) (2006). Compare *Davis v. Brown*, 274 Ga. App. at 49 (1) (The Department suspended the appellant's driver's license after he failed to request a hearing within the requisite ten day period provided by OCGA § 40-5-67.1 (g), and appeal to superior court was pursuant to OCGA § 40-5-66.).

whether the record supports the final decision of the administrative agency." (Citations and punctuation omitted.) Id. at 50 (1).

The record shows that on September 25, 2014, Hortenstine was arrested for driving under the influence and then served by the arresting officer with a notice of suspension of his driver's license. Hortenstine hired an attorney who requested, by letter dated October 6, 2014, and postmarked on October 10, 2014, an administrative hearing regarding Hortenstine's license suspension. The Department denied the hearing request as untimely.

Hortenstine filed a petition in the Superior Court of Cobb County for judicial review of the Department's decision. Hortenstine acknowledged in his petition that OCGA § 40-5-67.1 (g) (1) allowed him ten business days from September 25, 2014, to request an administrative hearing regarding the suspension of his driver's license, and that the hearing request was not postmarked until the 11th business day. Hortenstine maintained that he was nevertheless entitled to a administrative hearing because his attorney mailed the request too late notwithstanding that Hortenstine had provided him with all necessary information and fees eight business days before the

deadline. Following a hearing,[3] the trial court issued an order setting forth the undisputed facts, which are consistent with the representations made by Hortenstine in his petition for review, and agreeing with Hortenstine that the delay in mailing the hearing request was not due to Hortenstine, but entirely the fault of Hortenstine's counsel. The trial court held that Hortenstine was entitled to an administrative license suspension hearing.

At issue is whether, because the failure to timely mail the hearing request was due to the acts and omissions of his attorney, Hortenstine was entitled to an administrative license suspension hearing under OCGA § 40-5-67.1 (g). Under OCGA § 40-5-67.1 (g) (1), a person whose driver's license is suspended "shall remit to the department a $150.00 filing fee together with a request, in writing, for a hearing within ten business days from the date of personal notice . . . or the right to said hearing shall be deemed waived." However, OCGA § 40-5-67.1 (g) (3) further provides, "[i]f no hearing is requested within the ten business days specified above,

---

[3] The appellate record does not include a transcript of the hearing before the trial court, and it appears that a transcript was never filed with the lower court clerk. However, the trial court's findings of fact are not in dispute and consideration of the transcript is not essential to the resolution of the appeal as the alleged error is apparent from the face of the order. See *Cameron v. Miles*, 311 Ga. App. 753, 755 (1) (716 SE2d 831) (2011).

4

and the failure to request such hearing is due in whole or in part to the reasonably avoidable fault of the person, the right to a hearing shall have been waived." The "ten business days specified above," for purposes of OCGA § 40-5-67.1 (g) (3), logically refers to the period set forth in OCGA § 40-5-67.1 (g) (1) for the request of an administrative hearing as that is the only ten business day period previously specified. Thus, Hortenstine's right to an administrative license hearing was waived if the delay in submitting the request was "due in whole or in part to the reasonably avoidable fault" of Hortenstine. OCGA § 40-5-67.1 (g) (3).

> The Department's regulations also provide, in applicable part:
>
> Unless otherwise specified by statute or elsewhere within the rules of the Department, appeals shall be timely if received or postmarked within ten (10) days of effective date of the suspension. No appeal shall be allowed if not requested in a timely manner except where events uncontrollable by the aggrieved person are shown by him or her to have prevented a timely request. In this regard, the decision of the Commissioner shall be final.

Ga. Comp. R. & Regs. r. 375-3-3-.04. (3).

In this case, Hortenstine was not personally at fault for his failure to make a timely request for an administrative hearing in the sense that it was his attorney who did not mail the request in time, and this was despite Hortenstine having provided his

5

counsel with the necessary information and fees well in advance of the deadline. Nevertheless, it is well established that "[t]he principal shall be bound by all the acts of his agent within the scope of his authority[.]" OCGA § 10-6-51. In other words, "[t]he principal is bound by the authorized acts of his agent as effectively as if he had been present and personally committed that act." (Citations omitted.) *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 475 (2) (62 SE2d 209) (1950). An attorney may bind his client in legal proceedings. See OCGA § 15-19-5 ("Attorneys have authority to bind their clients in any action or proceeding by any agreement in relation to the cause, made in writing, and by signing judgments, [and] entering appeals[.]"); *Abney v. State*, 47 Ga. App. 40, 41 (169 SE 539) (1933) ("Counsel representing a defendant may fail to present a brief of evidence in time and the motion will be dismissed."). And, as the attorney is the client's agent, "the principal must answer for all defaults of his agent which occur within the scope of the agency." *Bituminous Cas. Corp. v. J. B. Forrest & Sons, Inc.*, 132 Ga. App. 714, 719-720 (2) (209 SE2d 6) (1974) (if there an unexcusable delay by the insured's attorney, then "the insured is chargeable with his attorney's failure to act with promptness"). See also *Link v. Wabash R. Co.*, 370 U. S. 626, 634-635 n. 10 (II) (82 SCt 1386, 82 LE2d 734) (1962) (dismissal of action because of counsel's unexcused conduct is not unjust, just as, " if counsel files

6

a petition for certiorari out of time, we attribute the delay to the petitioner and do not request an explanation from the petitioner before acting on the petition.").

As Hortenstine's failure to timely mail the request for an administrative hearing was due to the unexcused acts and omissions of his counsel, the errors of his counsel are imputed to Hortenstine and did not relieve him from the consequences of the failure to submit the hearing request in a timely fashion. Compare *Davis v. Brown*, 274 Ga. App. at 51 (2) (the superior court properly set aside the suspension of the driver's license where the evidence showed that an officer at the jail confiscated the driver's copy of the suspension notice, which authorized the court to find that events out of the driver's control prevented him from making a timely request and, therefore, the Department acted arbitrarily and capriciously in applying the 10-day notice requirement). See also *Earp v. Harris*, 191 Ga. App. 414, 416 (382 SE2d 156) (1989) (the trial court erred in finding that a driver's family emergency, which required that he travel to another state to take care of his daughter following surgery, was a legal excuse for failing to timely request a hearing, where there was no evidence that the driver that rendered him incapable of requesting an administrative hearing within ten days as afforded by the statute) (applying former OCGA § 40-5-55). The evidence supported the decision of the Department in denying, as untimely, Hortenstine's

7

request for an administrative license suspension, and the trial court erred in overturning that decision.

*Judgment reversed. Dillard and McFadden, JJ., concur*.